OPINION OF THE COURT — bv the
Hon. HARRY CAGE.
This is an application on the part of the complainant to foreclose a mortgage. The bill states fully the character and extent of the indebtedness on the part of the defendant’s testator, and by way of exhibits a part of his bill, brings before the court the deed of mortgage upon which this application is founded. The bill contains the usual allegations which are applicable in bills to foreclose, and concludes with the usual prayer, &c.
The defendant, by her answer, not confessing or denying many of tho *481 allegations in the complainant’s bill, offers to the court many reasons why, in her opinion, the court ought not, under the facts and law of the case; decree a foreclosure of the mortgage. Among the most prominent of these reasons, and upon which she mainly relies, are firstly, the circumstances under which this mortgage was obtained, and secondly^ that she and'her deceased husband were married in Louisiana} where there was a marriage contract entered into, by which it was stipulated and agreed that their marriage and its consequences upon their respective property, should be governed by the laws of Louisiana-. Upon the first of these points, the defendant alledges in her answer •, that some short time previous to the death of her husband, and whilst he was lying ill} the complainant came to the house with a paper already drawn up, and which she believes to be the conveyance of mortgage spoken of in complainant’s bill, that her husband was then perfectly rational, but so very weak in body, that he was incapable of examining into the extent of the lien which he was about to create upon his property, and states that from the great confidence which her husband had in the friendship of complainant, that he would have signed any paper which said complainant would have asked him to sign; The defendant further states that the paper having been signed by her husband, was then presented to her, for her signature, and that she signed it without knowing its contents. She signed it by the death-bed of her husband, at the request of complainant; and that under the circumstances, she would have signed any thing which would have tended to quiet the last moments of her husband. There is another objection urged against the validity of this mortgage — that although it was signed by the defendant, that it was siot sealed and delivered.
If the allegations hero set upon in the defendant’s answer were to be taken as true, she would present herself with weighty claims upon the consideration of this court, in opposition to the decree of foreclosure.
There are, however, proofs taken in this cause upon the point now before us, to wit: the execution of this deed, of mortgage, to which we must look for the true history, or at least that history of the case which must be obligatory upon this counrt.
The only testimony we find in this case upon the subject of the execution of the mortgage, is that of Joseph Pomct, one of the subscribing wit *482 nesses to the deed, and Henry Tooley. Mr. Pomet .states that ho was liv-» ing with Mr. Gereaudeau; that during Mr. Gereaudeau’s illness, he was one evening called in to the room for the purpose of witnessing the will of Mr. Gereaudeau, and also the mortgage deed given by Mr. Gereaudeau and his wife Felicite, to P. M. Lapice. The deponent states that Mr. Gereaudeau was very weak, but in his perfect senses; that he signed the two instruments; after which, his wife Felicite signed the mortgage — and when asked by the magistrate if she fully consented to said mortgage, she bowed herself in token of assent, and deponent thinks expressed herself to that effect in words; after which, the deponent signed the bill .and mortgage as a witnsss; that he witnessed no other instruments.
H. Tooley states in substance,- that he was furnished by Mr. Lapice with memorandums, and requested to draw the deed of mortgage in question; that he did so; and in company with Mr. Lapice, went to the house of Mr. Gereaudeau with the mortgage drawn; that he found Mr. Gereau-deau free from pain, and in the full possession of his senses; that Felicite, the wife, was called to the bed-side, when deponent proceeded to read the deed of mortgage; that he read it slowly, sentence by sentence, after pausing for any suggestion which either the said Gereaudeau or Felicite might think proper to make. The deed being so read and approved by the said Gereaudeau, and assented to by the said Felicite, they proceeded to sign the same in the presence of the deponent, when the deponent and Joseph. Pomet subscribed the came ad witnesses. The deponent states that the signing and witnessing being done, the said Felicite and himself entered into another room separate and apart from her husband, when deponent particularly enquired of her, if she had signed the instrument ■ of her own free will and accord, &c. explaining to her at the same time her legal .rights and advising her" of the interest she was parting with, to which the said Felicite replied that she signed it freely. Deponent further states, that after this private examination as'a justice of the peace, he took to his office the deed, wrote and signed the certificate as required by law.
Up.ou this statement of faeisj the court is to determine upon the legality or illegality of the execution of this instrument on the part of the defendant By the laws , of our state, beforeawifo can : be deprived of any rights or interest which the laws gives her in the estate of her hushajqdj *483 it musí be first shewn that she has done so freely and without the constraint of her husband, and for her better security, the lav/ has provided that she shall be examined separate and apart from her husband.
What, then, are the facts ia this case? If the testimony is to be accredited this deed has been executed by the defendant according to the provisions of the law, and must operate as an estopple to her pretentions in this case. Upon the subject of the delivery of the deed in question, I am of opinion, thai'the delivery to, and retention of the deed by justice Tooley, was a sufficient delivery, as it appears by the testimony that the complainant requested the justice to attend to the execution of the deed, which agency the justice took upon- himself, and by a refereuceto the dates, it will be seen that as soon as the certificates &c., were put upon the deed, it was lodged in the register’s office, ’.vhich must have been done either by the complainant himself, or his agent Tooley.
The second question which is urged upon the consideration of the court is, the marriage settlement in Louisiana, and its consequences upon this application to foreclose. It appears conclusive, to my mind, that that question cannot be brought to bear upon this Case, if it were a controversy between the heirs and legal representatives of Mr. Gireaudeau and Mrs. Gireaudeau, in a matter where she had not estopped herself by her .deed, then this question would fairly arise; but I have no doubt that a deed executed fairly and without fraud, and agreeably to the fortns of law prescribed by the government where the parties reside, and where the prop-, arty conveyed is located, is obligatory, and the party will be estopped by their deed. There is no doubt, I imagine, that, if Mr. and Mrs. Gireau-deau had remained in Louisiana, notwithstanding this marriage settlement, Mrs. Gireaudeau, if she had thought proper, might have divested herself of her title and interest to the property which she carried into the co-partnership by pursuing the forms of the law prescribed ih that state. They have thought proper to leave that state and come to this and bring their property with them, we shall then hold as obligatory those conveyances which are made in pursuance of, and under our forms of law, without reference to what forms were necessary for a wife to pursue, in order' So divest her interest, under the laws of the state where the marriage took place. Ttewirf.. b JJir ca&o, tercos a fbrooloswe of the mortgage.